PER CURIAM.
The mother, L.D., appeals a final judgment terminating her parental rights with respect to her child, C.L. We affirm.
At the start of the trial of the petition for termination of parental rights, the trial" court noticed that a guardian ad litem had not previously been appointed for the child. See §§ 39.807(2)(a), 39.822(1), Fla. Stat. (1999). Neither the mother nor the other parties had previously requested such an appointment or objected to the absence of a guardian ad litem.
Concerned that the statute made the appointment mandatory, the court directed that the guardian ad litem program provide a guardian immediately. The program did so, sending to court a guardian who had previously represented other children from this same family, although not C.L. The mother did not object to this belated appointment nor did the mother request a continuance to allow investigation by the guardian ad litem.
The trial proceeded for two days. When the guardian ad litem was called to testify, the mother objected that the guardian had not performed any investigation with regard to C.L. and asked that the testimony be excluded. The trial court overruled the objection. The guardian ad litem testified, emphasizing that her recommendation for termination of parental rights was a limited one and was based on prior involvement in the cases of the other siblings, but without specific investigation as to C.L.
After trial, the court entered a nine page final judgment terminating parental rights. There is an extensive factual basis for the termination judgment, and the legal sufficiency of the court’s findings is not challenged.
The mother’s sole argument on appeal is that the opinion of the guardian ad litem should have been excluded. However, the mother did not object to the late appointment and at no time requested a continuance so that the guardian ad litem could perform an investigation. The final judgment establishes a compelling factual basis for termination of parental rights. The recommendation of the guardian ad litem is summarized in a single paragraph, which ends with the following: “More im *220 portantly, even without the testimony of “the [Guardian Ad Litem] Program representative, the Court’s findings would still be the same, and the Court would still terminate the Mother’s parental rights.”
If we assume arguendo that the guardian’s recommendation should be considered a nullity because the guardian had been given no time to perform a particularized investigation as to C.L., we would still affirm. Based on the facts of the present case, there is simply no plausible way that this case could come out other than to terminate the mother’s parental rights. See In re E.F., 639 So.2d 639, 643 (Fla. 2d DCA 1994).
Affirmed.